IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 12-MC-240-KHV-GLR |
| ) | |
| MIDWEST HEALTH INC., d/b/a ) | |
| VALLEY HEALTH CARE CENTER ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The Court has under consideration Plaintiff's Motion for an Order to Hold Defendant in Contempt of Court for Failing to Comply with the Court's December 3, 2012 Order (ECF No. 14) and the related Notice of Service (ECF No. 15) with its attached affidavit. For the reasons that follow, the Court denies the motion without prejudice.

**I. Relevant Factual Background**

In accordance with 28 U.S.C. § 636(b)(1), the District Judge has referred this case to the undersigned Magistrate Judge.[1] On August 29, 2012, the Court ordered Defendant Midwest Health Inc. to show cause in writing on or before September 13, 2012, why the Court should not direct the corporation to comply with an administrative subpoena from the Equal Employment Opportunity Commission ("EEOC") requiring the corporation to produce documents in the investigation of Charge No. 563-2011-01471.[2] After the Defendant failed to respond to the show cause order,

---

[1] *See* Minute Order Referring Case and Motion (ECF No. 6).

[2] *See* Order to Show Cause (ECF No. 8).

Plaintiff moved to compel compliance with its administrative subpoena.³ On December 3, 2012, the undersigned Magistrate Judge granted that motion, and ordered Defendant to file its answers and documents in response to the subpoena by December 20, 2012, and admonished Defendant that a failure to comply with the order may result in it being held in contempt of Court.⁴ Plaintiff thereafter filed the instant motion to hold Defendant in contempt.

## II. Contempt Authority of United States Magistrate Judges

In general, United States magistrate judges only have "the power to exercise contempt authority as set out in [28 U.S.C. § 636(e)]."⁵ That subsection provides specific contempt authority in certain circumstances not present here.⁶ The statute also establishes a procedure to follow when a magistrate judge faces other circumstances that may result in holding a person in contempt.⁷ In cases like this one in which the magistrate judge is acting under 28 U.S.C. § 636(b), that procedure sets forth three scenarios which require the magistrate judge to certify facts to the district judge: (i) the alleged act constitutes a serious criminal contempt committed in the presence of the magistrate judge; (ii) the alleged act constitutes a criminal contempt but occurred outside the presence of the magistrate judge; and (iii) the act constitutes a civil contempt.⁸ "Under the certification process, the

---

³*See* Pl.'s Mot. Compel (ECF No. 9).

⁴*See* Order of Dec. 3, 2012, (ECF No. 12).

⁵*See* 28 U.S.C. § 636(e)(1).

⁶*See id.* § 636(e)(2) -(4) (addressing summary criminal contempt authority for actions taken in the presence of the magistrate judge and criminal and civil contempt authority in civil consent and misdemeanor cases).

⁷*See id.* § 636(e)(6).

⁸*See id.* § 636(e)(6)(B)(i) - (iii).

magistrate judge may conduct a hearing, but the magistrate judge functions only to certify the facts and not to issue an order of contempt."[9] The magistrate judge may also "decline[] to certify the conduct to the district court for a determination of contempt."[10] Certification of the facts is required under § 636(e)(6)(B) only when the magistrate judge is satisfied that one of the three enumerated scenarios is present. In the absence of one of those scenarios and a certification of facts to support finding the actor in contempt, there is simply no need for the district judge to determine whether the actor "should not be adjudged in contempt by reason of the facts so certified."

Pursuant to Fed. R. Civ. P. 45(e), Plaintiff seeks a finding of contempt for the alleged failure of Defendant to comply with the Court's December 3, 2012 order directing Defendant to comply with the EEOC administrative subpoena.[11] Because the alleged contemptuous act occurred outside the presence of the undersigned Magistrate Judge, § 636(e)(6)(i) is not implicated. As discussed more fully in the next section, Plaintiff has provided insufficient evidence to find that the alleged contemptuous act constitutes criminal or civil contempt. Consequently, § 636(e)(6) requires no certification of facts to be submitted to the District Judge.

## III. Analysis

Plaintiff commenced this action to enforce its administrative subpoena. The Court issued an order to show cause that went unanswered. Plaintiff then moved to compel compliance with its subpoena. Defendant did not respond to that motion. The Court thus granted the motion, and

---

[9] *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (citations and internal quotation marks omitted).

[10] *Id.* at 72.

[11] Mot. at 1.

ordered Defendant to file its answers and documents in response to the subpoena by December 20, 2012. Through the instant motion, Plaintiff contends that Defendant has failed to comply with the Court order.

The Supreme Court has recognized that all courts have the inherent authority or power to punish for contempt of court whether the contemptuous conduct occurs before them or beyond their confines.[12] This is so because the underlying concern is not merely disruption of court proceedings, but disobedience of court orders and directives.[13] In addition to this inherent authority to punish for contempt, 18 U.S.C. § 401 also grants the courts discretionary authority to punish contempts of its authority such as disobedience to its lawful order or command. Under § 401, the courts may impose a fine, term of imprisonment, or both.

Those who fail to obey a valid court order may be subject to civil and criminal penalties for their contempt.[14] Civil penalties are coercive in nature, whereas criminal ones serve "punitive and deterrent" purposes.[15] More specifically, "[c]riminal contempt is used to punish the contemnor or vindicate the court's authority; civil contempt seeks to coerce the contemnor into compliance with the court's order or to compensate the complaining party for losses incurred as a result of the contemnor's conduct."[16] In general, "a court should first apply coercive remedies in an effort to

---

[12] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

[13] *See id.*

[14] *Yates v. United States*, 355 U.S. 66, 74 (1957).

[15] *Id.*; *accord Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 826-28 (1994).

[16] *Bowens*, 546 F. Supp. 2d at 63; *accord Bagwell,* 512 U.S. at 826-28.

4

persuade a party to obey its orders, and only make use of the more drastic criminal sanctions when the disobedience continues."[17]

Before imposing criminal penalties, the Court must afford the contemnor all the protections required by the Constitution, including a right to a jury trial in cases involving serious criminal contempts, i.e., involving imprisonment of more than six months.[18] On the other hand, "civil contempt sanctions . . . may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard."[19] Whether contempt is civil or criminal in nature depends on the character and purpose of the sanction.[20] But the "stated purposes of a contempt sanction" is not determinative standing alone.[21] Ultimately, it depends on whether the contemnor can take actions to purge the contempt and end the sanction.[22]

To hold someone in contempt, the Court must find "clear and convincing evidence" that the actor disobeyed a known and valid court order.[23] The movant has the burden to provide the clear and

---

[17] *Yates*, 355 U.S. at 75.

[18] *Bagwell,* 512 U.S. at 826-27.

[19] *Id.* at 827.

[20] *Id.*

[21] *Id.* at 828.

[22] *See id.* at 828-30.

[23] *FTC v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004) (addressing civil contempt); *accord United States v. Allen*, 73 F.3d 64, 67-68 (6th Cir. 1995) (noting that to hold someone in criminal contempt, the court must find that the contemnor intentionally or willfully disobeyed a court order after it received notice of the order); *United States v. Vaughan*, No. 01-20077-01-KHV, 2001 WL 1526274, at *3 (D. Kan. Oct. 18, 2001) (recognizing that "[t]he essential elements of criminal contempt include: (1) a clear and reasonably specific court order, (2) knowledge or notice of the order, and (3) willful disobedience of the order"). Courts can hold a corporation in contempt. *See Kuykendall*, 371 F.3d at 757-58.

convincing evidence.[24] Once the movant makes the requisite showing, the burden shifts to the alleged contemnor to either show compliance with the order or that compliance was not possible.[25]

On December 3, 2012, the Court issued a valid order setting a deadline of December 20, 2012 for Defendant to file its answers and documents in response to a June 22, 2012 administrative subpoena of the EEOC.[26] The docket entry for that order shows that it was mailed via certified mail to the pro se defendant Midwest Health, Inc. A Certified Mail Receipt within the court record shows that a Susan Brooks signed for the order addressed to Midwest Health, Inc. c/o Mindy Miller, Chief Legal Counsel.[27] Plaintiff states in its motion that Defendant has not responded to the order.[28] But Plaintiff provides no declaration, affidavit, or other evidence that Defendant failed to comply with the Court's order. Without clear and convincing evidence of non-compliance, the Court does not find that Defendant failed to comply with the order. The statement in the motion does not suffice. Plaintiff has not carried its burden to show that Defendant's actions or lack thereof constitute a civil or criminal contempt. Accordingly, there is no occasion for the undersigned Magistrate Judge to certify facts to the District Judge or to issue an order for Defendant to show cause why it should not be held in contempt.

## IV. Conclusion

For the foregoing reasons, the Court denies Plaintiff's Motion for an Order to Hold

---

[24] *Kuykendall*, 371 F.3d at 756.

[25] *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

[26] *See* Order (ECF No. 12).

[27] *See* Certified Mail Receipt (ECF No. 13).

[28] *See* Mot. at 2.

Defendant in Contempt of Court for Failing to Comply with the Court's December 3, 2012 Order (ECF No. 14). The denial is without prejudice to a similar motion supported by clear and convincing evidence.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 11th day of April, 2013.**

S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**United States Magistrate Judge**